159 So.2d 875 (1964)
EMPLOYERS CASUALTY COMPANY, Appellant,
v.
Antonio G. VARGAS, Appellee.
No. 3922.
District Court of Appeal of Florida. Second District.
January 8, 1964.
Rehearing Denied February 4, 1964.
*876 Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Warwick, Paul & Warwick, West Palm Beach, for appellee.
PATTISHALL, W.A., Associate Judge.
Employers Casualty Company, appellant here, as plaintiff below, filed suit for a declaratory judgment seeking a determination that Antonio G. Vargas, its insured, appellee here, as defendant below, was not covered by a policy of insurance written by it and admittedly in force on the date of an accident.
Defendant moved for and was granted a Summary Judgment on the question of whether or not notice of the accident given by him to the plaintiff's agent was timely and sufficient under the following conditions of the policy:
"CONDITIONS  3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the company or any of its authorized agents as soon as practicable.
* * * * * *
"6. Action Against Company  Part II. No action shall lie against the company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy. * * *"
Final judgment was entered from which this appeal is taken.
There is a slight variance in the evidence as to the exact time that elapsed between the date of the accident and the time Vargas notified appellant's agent of the accident, but it is stipulated on the record here by counsel for the respective parties, for the purpose of this appeal, that the time was 45 days. Vargas was Puerto Rican, and acquired a second grade education in Puerto Rico; he does not read English, although he speaks and understands English to a limited extent; his deposition was taken partially by means of an interpreter, and he had dealt with the same insurance agent for six years who always spoke to him in Spanish and never had told him that he was to notify anyone if he had an accident.
Representatives of both the Sheriff's Department and the Highway Patrol were at the scene of the accident and one of them told Vargas to take his insurance policy to the Highway Patrol office, which he did that same day, and after someone read it over, he was told that it was all right and did not tell him to do anything else, and returned the policy to him. Later, when he received a letter from the Financial Responsibility Division, he took it to appellant's agent from whom he had bought the policy and told him about it and of the accident and signed some paper form there, left his policy with the agent who told him there was nothing else to do. The next he heard was when he was served with summons in this suit.
*877 As stated in State Farm Mutual Auto. Insurance Co. v. Ranson, Fla.App., 121 So.2d 175 (1960), cited by both parties, a policy provision as to the time when notice of an accident must be given, such as, "as soon as practicable," has been construed to mean that notice is to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case.
Under the circumstances in this case, we cannot say that it has been made to appear that the very able trial judge was in error in holding in effect that the insured had given notice of the accident "as soon as practicable."
Affirmed.
KANNER, Acting C.J., and WHITE, J., concur.