171 So.2d 190 (1965)
HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation, Appellant,
v.
E.E. MILLS, individually, and E.E. Mills, doing business as Mills Auction Market, Appellee.
No. F-253.
District Court of Appeal of Florida. First District.
January 19, 1965.
Rehearing Denied February 16, 1965.
*191 Lazonby, Dell, Graham, Willcox & Barber, Gainesville, for appellant.
Savage & Krim, Musleh & Musleh, and E.R. Mills, Jr., Ocala, for appellee.
STURGIS, Chief Judge.
Hartford Accident and Indemnity Company, defendant below, appeals from a declaratory final decree in chancery entered in a suit brought by appellee E.E. Mills, d/b/a Mills Auction Market. The decree held that appellant-insurer is obligated by its insurance policy to defend a certain negligence action brought by one Abdallah Katiba against the appellee-insured and to pay the judgment recovered, if any, to the extent of the coverage provided by the policy.
Appellee E.E. Mills and his son, C.E. Mills, d/b/a Mills Auction Market, hereinafter referred to as the "market," operated a livestock auction market. Their hereinafter mentioned hauling truck was covered by two insurance policies. One policy, issued by appellant Hartford to "C.E. Mills, d/b/a Mills Auction Market," provided auto liability insurance coverage for claims for injury by accident occurring away from the business premises and arising out of the use of land motor vehicles. The other policy, issued by Dubuque Fire and Marine Insurance Company, not a party to this appeal, provided comprehensive general liability insurance but excluded from coverage claims for injury by accident away from the business premises when arising out of the use of land motor vehicles while loading or unloading. The policy issued by appellant contains the following provisions governing bodily injury and property damage liability (identified by the policy as "Coverages A and C"):
"7. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

*192 * * * * * *
"11. Action Against Company  Coverages A and C: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."
On September 21, 1961, Katiba requested Mills Auction Market to send one of its trucks to his ranch to haul some of his cattle to the market. The market sent one of its trucks by its driver-employee, one Ferdinand Williams, to Katiba's ranch, where the driver backed it up to Katiba's loading chute to load cattle that were confined in the loading pen. The market's driver was not required to assist in loading cattle and the market received no pay for any such services. The proofs, however, indicate that it was a common business practice of the market for its driver to assist in the loading of cattle to be hauled to the market. On this occasion some of the cattle became excited and during the loading process broke out of the pen, damaging the fence. Thereupon the truck driver, Katiba, and Katiba's son-in-law, all of whom were helping with the loading, put the loose cattle back in the pen and Katiba then started repairing the fence that was broken when they escaped. The truck driver went ahead with loading cattle on the truck. In doing this work he was using a device known as a "hot stick," a gadget which produces an electric shock to an animal prodded therewith, provided for such use by the market. It so happened that when the truck driver prodded one of the animals with the "hot stick" the animal declared war on all and sundry, turned on the truck driver and chased him into a fence, then headed for and ran into the gate to the pen, knocking it open and onto Katiba who as a result suffered bodily injuries. About nine months later Katiba brought the mentioned negligence action against the market.
The first notice of the accident was given to appellant Hartford by C.E. Mills following the institution of said suit by Katiba. Notice of the accident was not given to insurer Dubuque until after the Katiba suit was filed. Both insurers refused to defend the Katiba suit on the primary ground that the insured breached the "notice of accident" condition of the policy. The insured then brought this suit in equity against both insurers for a declaratory decree construing the terms of the policies and determining whether either or both insurers should defend the Katiba suit, and determining which insurance company would be liable to pay on behalf of the insured the amount, if any, recovered by Katiba in his suit against the insured. Upon issues developed by appellant's answer it became necessary for the chancellor to determine whether the insured gave timely notice of the accident to the insurer in compliance with the policy provision requiring "notice as soon as practicable."
After commencement of this suit, C.E. Mills and Katiba were added as parties defendant. The former denied that he was owner of the subject truck and otherwise admitted the allegations of the complaint. Katiba's answer concurred with plaintiff in asserting a need for a declaratory decree in the premises. Dubuque Fire and Marine Insurance Company filed an answer setting forth the mentioned exclusionary provision of its policy. Its subsequent motion for summary judgment was granted and that action is not challenged by this appeal.
Appellant Hartford's answer sets up, inter alia, the following defense:
"Defendant denies that it is obligated either to defend Plaintiff in the action pending against him by the said Abdallah Katiba or to pay any sums which the Plaintiff may legally be obligated to pay to the said Abdallah Katiba as alleged, *193 for that the Plaintiff breached and failed to comply with Condition 7 of said insurance policy by failing, as required by said Condition, to give Defendant timely and adequate notice of the accident which resulted in injury to the said Abdallah Katiba."
Appellant Hartford's motion for summary judgment was denied.
The pleadings and proofs reveal that following the accident appellee's truck driver informed appellee C.E. Mills that Katiba had been hurt; that appellee E.E. Mills overheard said conversation. About a month after the accident appellee E.E. Mills saw Katiba in a hospital, at which time Katiba told him that he had been injured in an accident while loading cattle. E.E. Mills testified, however, that he did not know that Katiba was suffering from an injury incurred while loading cattle into a truck covered by the insurance. Appellee C.E. Mills, co-owner of Mills Auction Market, testified that he was of the view that the market was not responsible for Katiba's injury and on that basis seeks to excuse failure to notify appellant of the accident. Prior to filing suit there was no communication from Katiba to the market of his intent to hold it responsible for the accident.
Upon final hearing the court entered the decree appealed, holding, inter alia, that at the time of the accident E.E. Mills was the owner of the truck described in the complaint, that appellant's said insurance policy was in full force and effect, that at that time Ferdinand Williams was the driver of said truck "as the agent or employee of both C.E. Mills and E.E. Mills," and that the subject policy covered the use of said truck as it was being used at the Katiba farm or ranch and loading pen on said date; and it was thereupon decreed that C.E. Mills, E.E. Mills, and Ferdinand Williams were insured against bodily injury liability in accordance with the terms and conditions of said automobile liability policy. We are in accord with the foregoing conclusions.
The court decreed:
"(2) that the main issue involved in this proceeding is whether E.E. Mills and C.E. Mills had a valid excuse for failing to give notice of accident as soon as practicable after September 21, 1961; the notice of said alleged accident having been given, immediately after suit was filed by Abdallah Katiba, there being no proof that the defendant, Hartford Accident and Indemnity Company, was prejudiced in any way by the failure to give such notice; that due to the peculiar and unique facts of the alleged accident to Abdallah Katiba as disclosed by the evidence, that E.E. Mills and C.E. Mills are excused for their failure to give notice to the insurer because acting as reasonably prudent persons, they each believed that they were not liable for the accident, and were not involved in the accident, and that the accident was not covered by the automobile liability policy of the defendant, Hartford Accident and Indemnity Company;
"(3) that it is the contractual obligation of the Hartford Accident and Indemnity Company to defend the pending suit by Abdallah Katiba, plaintiff vs. E.E. Mills and Ferdinand Williams, defendants, now pending in the Circuit Court of Florida, Fifth Judicial Circuit, in and for Marion County, Florida, at law, the complaint filed in that case being attached to the complaint filed in this case for declaratory decree as `Exhibit C'; and in the event that the plaintiff should recover in said suit, to pay on behalf of E.E. Mills, C.E. Mills and Ferdinand Williams all sums which the said insured shall become legally obligated to pay as damages because of the bodily injury, sickness or disease, including death, at any time resulting therefrom sustained by Abdallah Katiba caused by *194 the accident and arising out of the ownership, maintenance and use of the said automobile, limited, however, by limits of liability set forth in said policy."
This appeal challenges the correctness of that provision.
Appellant states the sole point of law involved as follows:
"Where it appears from the undisputed evidence that the facts concerning the occurrence of an accident causing serious personal injury to a third party were known for nine months to Plaintiff who did not investigate or give any notice thereof to Defendant as Plaintiff's insurer until after a suit was filed against Plaintiff by the injured third party, although notice was required as a condition precedent to coverage under the terms of Defendant's automobile liability policy, is such evidence legally sufficient to sustain the Trial Court's finding that the plaintiff's breach of said condition precedent was `excused' because Plaintiff acted reasonably in concluding that `he had no liability for the injury and that no notice was required'?"
Where, as in this case, the policy provisions required the insured to give timely notice as a condition precedent to the insurer's liability, the insurer is not liable where such notice is not given. State Farm Mutual Automobile Ins. Co. v. Ranson, 121 So.2d 175 (Fla.App.2d 1960). See also Morton v. Indemnity Insurance Co. of North America, 137 So.2d 618 (Fla.App.2d 1962), 18 A.L.R.2d 443, 452; 7 Am.Jur.2d, Automobile Insurance, Sec. 141; 45 C.J.S. Insurance § 1055. In Ranson the failure of the insured to give notice of accident until the lapse of one year was held to be a breach of the policy provision and judgment for the insured was reversed. In Dunn v. Travelers Indemnity Co., 123 F.2d 710 (C.A. 5th 1941), the appellate court sustained a declaratory judgment in favor of the insurer where it appeared the notice was not given until 22 months after the accident.
In the Morton case, supra, the insured asserted as excuse for failure to give the notice his belief that under the facts no liability existed. The insured took no action toward notifying the insurer until after suit was actually filed by the injured party against the insured. In sustaining a summary judgment for the insurer, the Second District Court of Appeal held that
"* * * belief vel non as to the question of liability is immaterial, since the policy required that the insurance carrier be alerted in writing `when an accident occurs,' and such notice, given as soon as practicable, was clearly stated to be a condition precedent. Six and one-half months, under the circumstances, does not fall within the `as soon as practicable' provision of the policy. With respect to the question of what constitutes notice as soon as practicable, decisions indicating varying periods of time as being reasonable or unreasonable are collated in annotation, 18 A.L.R.2d 443, particularly sections 16 and 17, pp. 466-470."
Appellees cite American Fire and Casualty Company v. Collura, 163 So.2d 784 (Fla.App.2d 1964), for the proposition that the Ranson decision, supra, does not afford the insurer a right to avoid liability by merely showing a violation of one of the condition precedent clauses; that the insurer must also show that such violation operated to prejudice its position. And appellees insist that the record herein does not reveal that appellant has been prejudiced. We find no comfort for appellees in the Collura case. There, the Second District Court of Appeal was not concerned with the "notice of accident" clause involved on the instant appeal. In Collura the insurer unsuccessfully resisted liability on the grounds (1) that the attorney for the insured, rather than the insured himself, gave the insurer notice of a pending *195 suit, thus violating a provision requiring the insured to "immediately forward to the company every demand, notice, summons or other process received by him or his representative," and (2) that the insured violated a policy provision requiring the insured to give assistance and cooperation to the insurer in the conduct of suits involving liability under the policy. Smith, C.J., speaking for the District Court of Appeal, pointed out that the purpose of the "notice of accident" and "notice of claim or suit" clauses is to enable the insurance company to evaluate its rights and liability, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it. The court was careful to distinguish the Ranson case, supra, pointing out that in Ranson no valid excuse was shown for failure of the insured to notify the insurer of the accident until more than one year had elapsed and that such notice was not given "as soon as practicable." The court said:
"It is obvious that under the circumstances of the Ranson case, failure to give notice of an accident for a period of more than a year was prejudicial to the insurer; the insurer had lost its opportunity to make a timely investigation."
* * * * * *
"* * * when the issue of prejudice is injected into `delayed notice' cases, most courts follow the rule that the insurer is not required to show that it was prejudiced by the breach of the notice clauses [emphasis ours]. There is considerable authority to the contrary; and even among those who purport to follow the majority rule there are differing views on its application. Appleman delineates and explains the views as follows:
"`Many courts have adopted the rule that it is unnecessary for the company to show that it was prejudiced by the neglect of the insured in order to assert this policy defense [breach of the "notice" clauses], it being frequently stated that prejudice is presumed under these circumstances. This does not mean that upon a showing of delay, alone, the insurer walks out of court free of potential claims. It means, rather, that prejudice being a difficult matter affirmatively to prove, it is not required to make such proof. Prejudice may be presumed, with the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur  for example, that a complete investigation was made by another insurer or by competent persons who turned over the results to the "late notice" insurer.
"`A few courts, however, have adopted a so called rule of "substantial prejudice" which requires that the insurer, in order to be relieved of liability, demonstrate that it was materially and substantially hampered in the making of its defense or in the discovery of facts by the lack of timely notice.' (Emphasis added.)
"8 Appleman, Insurance Law and Practice, § 4732, pp. 15-17.
"With regard to `delayed notice' cases, we conclude that the Ranson, Morton and Vargas [Employers Cas. Co. v. Vargas, Fla.App., 159 So.2d 875] decisions have placed Florida in line with the weight of authority as described by Appleman above."
The rule thus adopted in the said decisions is adhered to, and for the reasons stated the decree appealed must be and it is
Reversed.
WIGGINTON and RAWLS, JJ., concur.