PER CURIAM.
A judge of the Third Judicial Circuit of Florida has, pursuant to Rule 4.6, Florida Appellate Rules, 31 F.S.A., certified to this court the following questions:
“I.
"IS THE FOLLOWING POLICY EXCLUSION IN AN UNINSURED MOTORIST’S ENDORSEMENT TO AN AUTOMOBILE INSURANCE POLICY VALID AND EFFECTIVE?
“ ‘Exclusions.
This endorsement does not ápply: * * * (b) to bodily injury to an insured, or care or loss of service recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor;’
"II.
“DOES THE ARBITRATION AGREEMENT, TO-WIT:
“ ‘ * * * 6. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators *484 may be entered in any court having' jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.’
“IN AN UNINSURED MOTORIST’S ENDORSEMENT TO AN INSURANCE POLICY PRECLUDE RECOVERY AGAINST THE INSURER OF DAMAGES PREVIOUSLY ASSESSED AGAINST THE UNINSURED MOTORIST IN AN ACTION AT LAW AGAINST SUCH UNINSURED MOTORIST WHEN THE INSURER HAS DENIED COVERAGE ON THE BASIS OF A POLICY EXCLUSION?

“III.

“DOES A PROVISION IN AN AUTOMOBILE INSURANCE POLICY, WHICH INCLUDED UNINSURED MOTORIST COVERAGE, TO THE EFFECT THAT INSURANCE SHOULD NOT APPLY TO ANY INJURY WITH RESPECT TO WHICH INSURED SHOULD, WITHOUT WRITTEN CONSENT OF THE INSURER, MAKE SETTLEMENT OR PROSECUTE ACTION TO JUDGMENT PREVENT THE INSURED FROM PROSECUTING A SUIT FOR PERSONAL INJURIES AND DAMAGES AS THE RESULT OF AN ACCIDENT AGAINST UNINSURED AUTOMOBILE OWNER?
"IV.
“IS THE PLAINTIFF’S ATTORNEY ENTITLED TO ATTORNEY FEES UNDER FLORIDA STATUTES, SECTION 627.0127, OVER AND ABOVE THE RECOVERY WHEN THE PLAINTIFF IS INSURED UNDER THE UNINSURED MOTORIST COVERAGE OF AN AUTOMOBILE INSURANCE POLICY AND COVERAGE IS DENIED SO THAT SUIT IS REQUIRED ?”
It is noted that the appellate courts of this state have recently rendered several decisions upon the subject matter contained in the questions so certified.
It is our opinion that the foregoing “Certified Question” is too long and complicated and does not come within the purview of the quoted rule.[1] Appellate jurisdiction cannot be invoked and a cause bodily transferred to an appellate court except from a determination of a court having original jurisdiction, notwithstanding the rule providing for certification of questions of law.[2] The trial court under Section 6 of Article V of the Constitution of Florida, F.S.A., has the power to adjudicate the instant cause and its decision may be reviewed on appeal if desired. This Court therefore respectfully declines to answer the question as certified.[3]
CARROLL, DONALD, -K., Acting Chief Judge, WIGGINTON and RAWLS, JJ., concur.

. See Schwob Co. of Florida v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782 (Fla.1942).

. Rosenberg v. Ryder Leasing, Inc., 159 So.2d 873 (Fla.App.3d, 1964).

. Chapman v. Slaff, 101 So.2d 413 (Fla.App.1st, 1958).