175 So.2d 581 (1965)
Billie June OREN, Administratrix of the Estate of Juanita Hicks, Deceased, and Billie June Oren, Administratrix of the Estate of Jesse D. Hicks, Deceased, Appellant,
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Ltd., a foreign corporation, Appellee.
No. 64-984.
District Court of Appeal of Florida. Third District.
June 1, 1965.
Gladys Irene White and Samuel D. Wailace, Miami, for appellant.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
Juanita Hicks was an insured under a policy containing an uninsured motorist clause. While riding as a passenger in an automobile driven by her husband, Jesse D. Hicks, an accident occurred with Charles D. Bradley, an uninsured motorist. Subsequently, *582 both Juanita and Jesse expired and appellant was appointed administratrix of both estates. Appellant, as administratrix, instituted separate suits and recovered judgments against Bradley. The suits were filed and judgment obtained without the consent of the insurer.
The insurance policy contained, in part, the following provisions under the Uninsured Motorists clause:
* * * * * *
"Exclusions
"This policy does not apply * * *
* * * * * *
"(b) To bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor; (Emphasis added)"
* * * * * *
The administratrix, after obtaining the judgments, filed a demand for arbitration under the policy.
Appellee (insurer) instituted the present suit requesting that the administratrix be enjoined from proceeding with any claim against it under the policy, due to a violation of the policy terms. A summary final decree was issued in favor of the insurer, and the administratrix appealed. We agree with this decision of the trial court.
The exclusion clause in the contract was specific, clear and unambiguous. It provided that the policy did not apply where the insured or his legal representative made a settlement or obtained a judgment against a person who might be liable, without the written consent of the insurer. It is clear that these terms were violated when suit was filed and judgment obtained without the written consent of the insurer.
The general rules applicable are set forth in Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285, where Justice Thomas for the court said:
* * * * * *
"We acknowledge the rules that if the language is plain and unambiguous, there is no occasion for the Court to construe it, Goldsby v. Gulf Life Ins. Co., 117 Fla. 889, 158 So. 502; that if uncertainty is present, the instrument should be construed against the insurer, Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802, 35 A.L.R. 1013; that the Court should not extend strictness in construction to the point of adding a meaning to language that is clear, Bradley v. Associates Discount Corp., Fla., 58 So.2d 857; and that the Court should construe the contract of insurance to give effect to the intent of the parties, New England Mut. Life Ins. Co. v. Huckins, 127 Fla. 540, 173 So. 696."
* * * * * *
The language herein is plain, unambiguous, and specific, and requires no construction or interpretation by this court. The pleadings do not allege any attempt made to obtain "written consent" or that the insurer refused to give "written consent" to the suit; and there are no allegations which would constitute waiver or estoppel on the part of the insurer.
The judgment of the trial court is therefore
Affirmed.