ON REHEARING DENIED
Appellee filed a petition for rehearing following this court’s reversal of a final judgment entered in the trial court in favor of the appellee. It alleged that the opinion contained some factual errors which were the predicate for the decision; that the cross-assignment of error alleging the failure of the trial court to enter a summary judgment in favor of the appellee was overlooked; and that this court’s finding is contrary to the holding in Mutual Ben. Health & Accident Ass’n v. Bunting, 1938, 133 Fla. 646, 183 So. 321.
The opinion contained a factual error predicated upon the transposition of the date the insurance policy was issued and the date of the accident. The time of notice to the appellant was then erroneously calculated as “more than seventeen months” and “approximately one year and a half”. Since Allstate notified the appellant orally on October 31, 1960, the actual elapsed time from the March 4, 1960 accident would be almost eight months.
' Appellee claims that, “Though it might well be held that a seventeen months delay was prejudicial as a matter of law, this would not be true with a delay of only seven months, especially in view of the fact that there was ample evidence in the record to form the predicate for a jury finding that appellant was not in fact prejudiced, * * (Emphasis supplied).
It should be noted that in our opinion we quote from Hartford Accident and Indemnity Company v. Mills, Fla.App.1965, 171 So.2d 190, which quoted from Morton v. Indemnity Insurance Co. of North America, Fla.App.1962, 137 So.2d 618, wherein it was held: “Six and one-half months, under the circumstances, does not fall within the ‘as soon as practicable’ provision of the policy.” Based on that case the eight months in the case sub judice would not be “as soon as practicable”.
An examination of Mutual Ben. Health & Accident Ass’n v. Bunting, supra, discloses that the agent of the insurer received proofs of loss, retained them and failed to specify wherein they were deficient, only telling the insured that they were insufficient. Strict compliance with the requirements as to proofs of loss under those circumstances was held to have been waived. In the present case, the insured, Lynch, on November 29, 1960 executed a statement that he “never reported the loss to ANICO or my agent Bob Corbett or any *737 one associated with him or his agency or ANICO as I figured I wasn’t at fault & (sic) that Allstate would take care of everything for me * * These facts are different from those in the Bunting case, supra, and it is inapplicable.
Appellee’s cross-assignment of error regarding the failure of the trial court to enter a summary judgment in her favor was not mentioned in the prior opinion. It was evident from the record and briefs before us that at the hearing on the motions for summary judgment there remained the question of when the appellant actually received notice or if notice had been waived. There was conflicting evidence as to this point creating an issue of fact to be tried by a jury.
For the reasons stated above, the petition for rehearing is therefore
Denied.