178 So.2d 751 (1965)
The PHOENIX INSURANCE COMPANY, a Connecticut corporation, Appellant.
v.
Charles W. BOWEN, Appellee.
No. 64-1037.
District Court of Appeal of Florida. Third District.
September 28, 1965.
Rehearing Denied October 19, 1965.
Reece & Murray, Miami, for appellant.
Henry W. Krystow and Leo B. West, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
This is an appeal by the plaintiff insurance company of a final decree following an order granting defendant's motion for summary judgment in a declaratory decree or judgment action. The action was brought to determine the rights of the parties relating to coverage under an uninsured motorist endorsement of an insurance policy.
The defendant insured was involved in an automobile accident with a car driven by Hector Gonzalez and owned by Felipe Calzadilla. Thereafter, defendant executed a release which reads in pertinent part as follows:
"FOR AND IN CONSIDERATION OF, the sum of One Dollar and Other Valuable Consideration paid to me in hand or on my behalf, receipt of which is hereby acknowledged, I/We, do *752 hereby release, acquit and forever discharge Hector Gonzalez of and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account of any and all known and unknown bodily injuries and property damages resulting or to result from accident that occurred on or about the 8th day of February, 1963. It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, * * *."
The insurance policy under review contains the following exclusionary provision pertaining to the uninsured motorist endorsement:
"This endorsement does not apply: (a) to bodily injury to an insured, * * with respect to which such insured * * * shall, without written consent of the company, make any settlement with * * * any person * * * who may be legally liable therefor; * *."
Prior to executing the above release, the defendant neither asked for nor was given the written consent of the plaintiff.
Defendant testified on deposition that he had read the release fully before signing it but thought he was merely releasing Gonzalez so that Gonzalez could get his driver's license back in compliance with Section 324.051 F.S., F.S.A.
We find that the trial court misconstrued the legal effect of the evidence before it, and granted summary judgment in favor of the wrong party. Defendant's evidence is insufficient in law to raise a genuine issue of material fact impeaching the release. Such being the case, Oren v. General Accident Fire and Life Assur. Corp., Fla.App. 1965, 175 So.2d 581 controls.
The final decree is reversed and the cause remanded with directions to enter a summary final decree for the plaintiff.
Reversed and remanded.