189 So.2d 408 (1966)
AETNA INSURANCE COMPANY, a Corporation, Appellant,
v.
John Franklin JORDAN and Lois C. Jordan, His Wife, Appellees.
No. H-85.
District Court of Appeal of Florida. First District.
August 11, 1966.
Rehearing Denied September 8, 1966.
George A. McKendree, of Howell, Kirby, Montgomery, Sands & D'Aiuto, Jacksonville, for appellant.
J.B. Hodges, Lake City, for appellees.
WIGGINTON, Acting Chief Judge.
Plaintiffs (appellees) brought this suit on an insurance policy issued to him by the defendant-insurer (appellant) to recover the amount of a judgment procured by plaintiffs in a negligence action against one Harold G. Musgrove, an alleged uninsured motorist. Plaintiffs' claim was based on what is commonly known as "uninsured motorist" coverage as provided by the insurance policy sued upon.
Motion of defendant to dismiss the complaint for failure to state a cause of action was denied. Defendant then filed an answer setting out two defenses: (1) that there was no coverage because plaintiffs, without written consent of defendant, prosecuted their claim to judgment against the uninsured motorist; and (2) that in any event, the policy required that the question of liability of the uninsured motorist and *409 the amount of damages should be determined by arbitration, which was not had in the premises, hence the defendant was not liable for the judgment obtained by plaintiffs against the uninsured motorist.
Defendant then moved for judgment on the pleadings and plaintiffs moved to strike defendant's said defenses and for a summary judgment. At this juncture the trial court certified certain questions of law to this court, which we declined to answer.[1]
The trial court then entered an order striking defendant's third defense based on the prosecution by plaintiffs of their claim to judgment against the uninsured motorist without written consent of defendant, with leave to defendant to amend. An amended third defense was filed which differed from the earlier only in that it undertook to set out prejudice to the defendant, which the lower court had held necessary to sustain said defense.
The defendant thereafter moved for a rehearing on its prior motion for judgment on the pleadings. The lower court, by the order appealed, found:
"* * * that the arbitration clause contained in the policy of insurance involved herein is valid and this cause should be settled by arbitration; but, the `no suit' clause contained in said policy of insurance is void as against public policy, and since the amended third defense does not show that by the suit the defendant was prejudiced in any manner, or that it suffered any injury or loss, the plaintiffs having offered in their complaint to assign said judgment to the defendant to the extent of any payments made by the defendant to the plaintiff it should be stricken; * * *."
and thereupon (1) granted said petition for rehearing; (2) held that: "The matter of the amount of damages to be paid by the defendant to the plaintiff shall be determined by arbitration, as demanded by the defendant"; (3) provided that: "The result of such arbitration shall be reported to this court"; and (4) struck defendant's amended third defense.
A serious question has been raised with respect to whether the order appealed possesses the necessary attributes of finality sufficient to support this direct appeal under Rule 3, F.A.R., 31 F.S.A. In one aspect of the case, the order is final in nature in that it concludes the judicial labor of the trial court insofar as concerns the action at law laid in the complaint. Viewed in another aspect, the order may be considered interlocutory in nature in that the court purports to retain jurisdiction of the cause by requiring that the result of the arbitration be reported to it. In either event we are convinced, because of the reasons hereinafter set forth, that the order departs from the essential requirements of law and may reasonably cause material injury to appellant throughout the subsequent proceedings for which the remedy by appeal will not be adequate. Under the circumstances we treat the notice of appeal filed herein, and the record thereon, as a petition for certiorari duly presented in accordance with Rule 4.5(c), F.A.R.[2]
We first direct our attention to those provisions of the order appealed which find and conclude that the "no suit" clause contained in the insurance policy sued upon is void as a matter of public policy, and which strike from defendant's answer the third defense which interposes the "no suit" clause as a bar to the action.
The validity of the standard "no suit" clause contained in the uninsured motorist *410 coverage provision of automobile liability insurance policies was considered by the Third District Court of Appeal in the case of Oren v. General Accident Fire and Life Assurance Corporation.[3] In that case the insured, after proceeding without the written consent of the insurer, and having recovered judgment against the uninsured motorist, filed a demand for arbitration under the policy; and the insurer then sued to enjoin the insured from proceeding with the claim, based on violation of a policy provision identical with that involved in the case sub judice. Summary judgment was entered for the insurer and affirmed on the appeal, in which the court, speaking through Judge Swann, said:
"The exclusion clause in the contract was specific, clear and unambiguous. It provided that the policy did not apply where the insured or his legal representative made a settlement or obtained a judgment against a person who might be liable, without the written consent of the insurer. It is clear that these terms were violated when suit was filed and judgment obtained without the written consent of the insurer."
Upon the authority of the Oren case, supra, we hold that the trial court erred in holding that the "no suit" clause in the insurance policy sued upon was void as a matter of public policy, and in striking defendant's amended third defense. Writ of certiorari is granted, the order appealed is quashed, and this cause is remanded with directions that further proceedings be had with respect to the third amended defense interposed in the cause by appellant. In the event the issues raised by the complaint and the third amended defense asserted by appellant are resolved by trial in favor of appellees, then this cause shall be submitted to arbitration for a determination as to the legal liability of the uninsured motorist, and the amount of damages to which appellees may be entitled, in accordance with the fourth defense of the answer filed in the cause by appellant.
JOHNSON and SACK, JJ., concur.
NOTES
[1] Jordan v. Aetna Insurance Company, (Fla.App. 1965) 172 So.2d 483.
[2] § 59.45, F.S.A., Misconception of remedy;

"If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the supreme court. Laws 1947, c. 23826, § 1."
[3] Oren v. General Accident Fire and Life Assurance Corporation, (Fla.App. 1965) 175 So.2d 581, 582.