199 So.2d 790 (1967)
Joyce M. BASS, Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY OF HARTFORD, CONNECTICUT, a Connecticut Corporation, Appellee.
Dessie E. GRESHAM, Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY OF HARTFORD CONNECTICUT, a Connecticut Corporation, Appellee.
Nos. 242, 244.
District Court of Appeal of Florida. Fourth District.
May 23, 1967.
Rehearings Denied June 20, 1967.
*791 Albert Yurko, Orlando, for appellants.
R.G. Ross, of Maguire Voorhis & Wells, Orlando, for appellee.
WALDEN, Chief Judge.
These appeals are here consolidated for purposes of this opinion. These appeals deal with an uninsured motorist clause in an automobile insurance policy issued by appellee, Aetna, to appellant, Gresham.
The circuit court held that the insurance policy required the written consent of Aetna before appellants could sue any person who might be liable for the accident.
Appellants brought suit against the alleged tort-feasors and obtained a judgment against one who was uninsured. Then appellants demanded arbitration under the uninsured motorist provision of the policy. Aetna filed a declaratory action and prevailed.
At issue is the contention of appellee, Aetna, that appellants, by failing to notify Aetna or receive written consent prior to bringing an action against the uninsured tort-feasors, gave up their benefits under uninsured motorist coverage.
Three Florida cases have considered an exclusion clause in an uninsured motorist provision. The Third District, in Oren v. General Accident Fire and Life Assurance Corp., Fla.App. 1965, 175 So.2d 581, held that the exclusion clause was clear and unambiguous, and the insured was denied recovery because of its failure to obtain written consent of the insurer prior to obtaining judgments against an uninsured motorist.[1]
*792 In Phoenix Ins. Co. v. Bowen, Fla.App. 1965, 178 So.2d 751, the Third District cited its own decision in the Oren case, supra, in holding that a release given to the uninsured motorist without seeking the insurance company's consent, contrary to the exclusion clause, precluded recovery by the insured.
The Oren case, supra, was cited by the First District in Aetna Ins. Co. v. Jordan, Fla.App. 1966, 189 So.2d 408, as authority for holding that "no suit" clauses are not invalid as contrary to public policy.
Authority on the effect of exclusion clauses in an uninsured motorist provision is, therefore, sparse.[2] Certainly such clauses are valid and not contrary to public policy. But the effect of such clauses in Florida has not been fully determined.
As we read appellants' point on appeal, the issue presented is whether an exclusion clause is a valid defense for the insurance company even where the insured, at the time of suit, could not know that the tort-feasor, who appeared to have a valid and collectible policy, was in fact uninsured. To this issue, the Florida cases discussed above fail to provide a complete solution. Insofar as those cases have held exclusion clauses to be valid, we concur. But insofar as those decisions have left unanswered the issue of the effect of an exclusion clause where no prejudice has been shown to the insurer, and where circumstances indicate no violation of good faith by the insured, we must look further.
There is an analogy between an exclusion clause in an uninsured motorist provision and a lack of notice provision in an ordinary liability policy. This court is unable to see any meaningful distinction which would make the law governing lack of notice provisions inapplicable to exclusion clauses.
In 8 Appleman, Insurance Law and Practice, § 4732, pp. 15-17, it is noted that "Many courts have adopted the rule that it is unnecessary for the company to show that it was prejudiced by the neglect of the insured in order to assert this policy defense [breach of the `notice' clauses], it being frequently stated that prejudice is presumed under these circumstances. This does not mean that upon a showing of delay, alone, the insurer walks out of court free of potential claims. It means, rather, that prejudice being a difficult matter affirmatively to prove, it is not required to make such proof. Prejudice may be presumed, with the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur  for example, that a complete investigation was made by another insurer or by competent persons who turned over the results to the `late notice' insurer."
The above excerpt from Appleman was quoted by the Second District in American Fire and Casualty Co. v. Collura, Fla.App. 1964, 163 So.2d 784. The court went on to observe at pp. 792-793, that "With regard to `delayed notice' cases, we conclude that the Ranson [State Farm Mut. Auto. Ins. Co. v. Ranson, Fla.App., 121 So.2d 175], Morton [Morton v. Indemnity Ins. Co. of North America, Fla.App., 137 So.2d 618] and Vargas [Employers Cas. Co. v. Vargas, Fla.App., 159 So.2d 875] decisions have placed Florida in line with the weight of authority as described by Appleman above. Thus, the insurance company is not required to show that it was prejudiced by the failure of the insured to give timely notice, in order to avoid liability under its policy; but, as Appleman stated, this does not mean that upon a showing of delay alone the insurer can avoid liability  it only means that the insurer will not have the burden of proving such prejudice."
*793 The same material, both from Appleman and from Collura, was quoted with approval by the First District in Hartford Accident and Indem. Co. v. Mills, Fla.App. 1965, 171 So.2d 190. Thus, the Florida position on lack of notice cases is that prejudice to the insurer is presumed, with the burden upon the one seeking to impose liability to show that no prejudice did result. And this would seem to be the better view. The insurance company is not faced with the considerable burden of showing that prejudice did, in fact, occur as a result of the insured's failure to give notice. Yet the insured is not denied recovery when his failure to give notice is demonstrably immaterial. (See 8 Appleman, Insurance Law and Practice, § 4773, p. 110.)
We would adopt this view in regard to breach of consent clauses in uninsured motorist provisions. When a consent clause is breached, prejudice will be presumed. If the insured is unable to carry the burden of showing no prejudice resulted, coverage will be denied.
In the instant case, appellants should have the opportunity to demonstrate affirmatively that their failure to notify and obtain the consent of the carrier prior to suing the tort-feasor to judgment resulted in no prejudice to the carrier.
Reversed and remanded with directions.
ANDREWS, J., and WILLSON, J.H., Associate Judge, concur.
NOTES
[1] "The language herein is plain, unambiguous, and specific, and requires no construction or interpretation by this court. The pleadings do not allege any attempt made to obtain `written consent' or that the insurer refused to give `written consent' to the suit; and there are no allegations which would constitute waiver or estoppel on the part of the insurer." 175 So.2d at 582.
[2] In Couch on Insurance 2nd Vol. 12, Sec. 45:619, the author observes that the law with respect to uninsured motorist coverage is "in the early stage of development and the cases in which such insurance has been involved, while dealing with a variety of questions, have not yet shown a sufficiently clear trend to justify statements of well-settled rules or principles."