392 F.2d 666
 John Joseph RENNER, Elizabeth T. Stevenson, Individually and
as Administratrix of the Estate of Howard G.
Stevenson, Deceased et al., Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
 No. 25040.
 United States Court of Appeals Fifth Circuit.
 March 25, 1968, Rehearing Denied May 8, 1968.
 
 Thomas A. Horkan, Jr., Sam Bloom, and Dunn & Johnson, Miami, Fla., for appellants.
 John H. Wahl, Jr., Richard J. Thornton, Miami, Fla., Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., of counsel, for appellee.
 Before TUTTLE and GOLDBERG, Circuit Judges, and HOOPER, District judge.
 TUTTLE, Circuit Judge:
 
 
 1
 This is an appeal by parties who claim to be third party beneficiaries of a liability insurance policy from a judgment by the trial court holding that the appellee insurance company was under no obligation to defend the basic damage suit against their assureds.
 
 
 2
 It was undisputed that the plaintiff insurance company, which brought the declaratory action in the district court, had issued an automobile liability insurance policy to the defendant, Richard K. Johnsen, which covered a certain automobile which had been involved in an accident in which the appellants had suffered damages. It is also undisputed that the accident occurred on April 4, 1964, but that the assureds did not report the accident to the insuror until September 11, 1964. Such failure to report did not amount to a failure to cooperate, but was attributed to failure of understanding between husband and wife, each of whom thought the other had reported the accident.[1]
 
 
 3
 After the filing of the declaratory judgment petition, the carrier elected not to defend in the principal action; that action went to judgment in favor of the present appellants, who now seek to bind the insurance carrier on the policy. The dispute centers on the question whether there was adequate proof under the Florida cases that this failure to give notice during the intervening period resulted in actual prejudice in this case to the insurance carriers. See American Fire & Casualty Co. v. Collura (1964) D.C.A.F.2d Dist., 163 So.2d 784; Hartford Accident & Indemnity Co. v. Mills (1965) D.C.A.Fla. 1st Dist. 171 So.2d 190; Bass v. Aetna Cas. & Surety Co. (1967) D.C.A.Fla. 4th Dist., 199 So.2d 790.
 
 
 4
 Here it is undisputed that the failure to give notice had the effect of denying to the insurance company an opportunity to photograph the two automobiles involved in the rear end collision admittedly caused by the automobile of the assured. It also denied to the company the opportunity of promptly interviewing the participants.[2] Also one of the injured persons, Howard G. Stevenson, died 19 days after the accident. His death was from totally unrelated causes. Here, too, the insurance carrier was denied the opportunity of interviewing him or even dealing with his lawyers towards a possible settlement of the case at a time prior to his death.
 
 
 5
 The finding of the trial court relating to this are:
 
 
 6
 That the assureds had: '* * * inadvertently, albeit negligently, failed and neglected to report the accident to State Farm. They knew they were required to report it, but failed to do so because each thought the other had done so. A State Farm adjuster made contact with them sometime between September 9, 1964, and September 12, 1964, after first determining that Bloom's letters of August 17, 1964 related to new and previously unreported claims. State Farm did not have actual knowledge of the accident or resulting claims until September 9, 1964. First written notice from the insured was September 12, 1964, when Mr. Johnsen signed the accident report form supplied by his State Farm agent.'
 
 Finding 11 was as follows:
 
 7
 '11. The evidence reveals that State Farm did not receive actual notice of this accident until over five months after the accident occurred. The Bloom settlement demand letters of August 17, 1964, were insufficient for afford the requisite notice. A statement was given to an investigator for the claimants, Renner and Stevenson, by the insured, Jacqueline Place Johnsen, two days after the accident occurred; however State Farm had no opportunity to investigate the accident while the facts were fresh in the minds of the witnesses or to inspect or photograph the vehicles involved. Howard Stevenson died nineteen days after the accident due to an unrelated cause, thus precluding State Farm from any discovery or examination of this claimant. These facts established that State Farm was prejudiced by the late notice.'
 
 
 8
 Thereupon the trial court made the following conclusion:
 
 
 9
 '3. Such failure to give notice as soon as practicable after the accident resulted in prejudice to the plaintiff.'
 
 
 10
 The appellants' principal contention here is that the testimony by the insurance carrier's own witness failed to establish any basis for this finding by the trial court that prejudice resulted from the delay in giving notice.
 
 
 11
 We need only advert to the testimony given by Mr. Mullavey in response to a question by appellants' counsel to show that the trial court's finding of fact was adequately based. Mr. Mullevey answers as follows:
 
 
 12
 'A. No, I think I can only go over what I stated this morning that we feel that we are entitled to a prompt report. Our system is set up to that we are able to get out on the basis of a prompt report and attend to these claims, talk with these people. And of course our investigations expand, based on what you learn from these various individuals that you interview. But I feel primarily in this case that we would like to have talked with Mrs. Johnsen while the facts were fresh in her mind. She could have told us exactly how it happened, the severity of the impact, all this while it was new to her. We could have seen her automobile, photographed her automobile, estimated the damage to it.
 
 
 13
 'We could have gotten to the Renner car. We might have developed information on either Mr. Renner Or Mr. Stevenson that would have been helpful in determining our position in this case. For example, surveillance, neighborhood check, such things as this. And of course, primarily, we also want the opportunity to discuss settlement with these people directly where we possibly can.
 
 
 14
 'Q. Of course that is impossible where they are represented by their attorneys.
 
 
 15
 'A. Yes, if in fact that they were represented. I think, too, something I want to add here, that-- Let's assume that this case had been reported. I think it happened on Saturday evening, didn't if? Let's say it had been reported the first thing Monday morning and we had gotten out on Monday. At that time we would not have known that either Mr. Renner or Mr. Stevenson were represented, if in fact they were. So we would have had the opportunity to talk to Mr. Renner and Mr. Stevenson. We would have had an opportunity to evaluate them.
 
 
 16
 'Now, they might have told us they were represented by an attorney and that would have ended the interview. Nevertheless we would have an opportunity to see the people and you can size up a person, or an experienced claim man can rapidly.'
 
 
 17
 While there is some additional evidence, we think it plain from what has been quoted here that the trial court could infer that there was actual prejudice by reason of the failure in this particular case.
 
 
 18
 The parties are not really apart with respect to the applicable Florida law. It thus becomes a question of whether the finding of fact by the trial court is clearly erroneous. Holding, as we do, that the findings were adequately supported by the evidence, we cannot find the determination by that court as clearly erroneous.
 
 
 19
 The judgment is a affirmed.
 
 
 
 [1]
 The applicable provision of the insurance policy is as follows:
 'POLICY CONDITIONS-- APPLICABLE TO ALL COVERAGES UNLESS OTHERWISE NOTIED. '1. Notice of Accident, Occurrence or Loss. In the event of an accident, occurrence or loss, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, circumstances of the accident or occurrence, and names and addresses of injured persons and available witnesses. * * *'
 
 
 [2]
 Although it is clear that by Monday morning following the Saturday accident, the injured persons had engaged counsel, the insurance company's brief points out the fact that without notice of this their adjuster would normally at least have called on the injured persons and their assured and have an opportunity to size up the persons involved, their demeanor, etc., even when met with a refusal to discuss the case or on the voluntary withdrawal by the adjuster upon being notified of the presence of counsel in the case