OWEN, Judge.
These cases involve a question of coverage under uninsured motorists insurance. The trial court rendered judgment for the insurer in each of the cases, determining that the insureds’ conduct had brought the insureds within an exclusion clause of the policy.[1] We conclude that the able trial judge erred in this regard, and we therefore reverse.
Appellants each sustained bodily injury when the Carter vehicle in which they were riding was involved in a collision with a vehicle operated by one Henry Williams, an uninsured motorist. Appellee had the uninsured motorists coverage on the Carter vehicle. Suits on behalf of the appellants *463 were filed against the uninsured motorist and appellee was promptly notified. The appellee never gave its written consent to the suits against Williams. On the contrary, approximately four months after being notified that the suits had been filed, appellee wrote appellants’ counsel expressly calling attention to the policy exclusion. That same letter advised appellants’ counsel that if a judgment by default or otherwise were obtained, the company would deny the uninsured motorists coverage to its insureds. Some eight months thereafter appellants obtained a summary judgment against Williams on the issue of liability. Appellants’ counsel promptly notified appellee of such fact, together with the date on which the cases were set for trial on the issue of damages. Immediately appellee wrote appellants’ counsel in the following language to deny categorically that appellants had coverage under the policy:
“Since this claim has been prosecuted to judgment by our insured, it is our position that it is subject to the above described exclusion and we are taking the position that our family protection coverage as provided by our policy would not apply.”[2]
In the face of this denial of coverage, appellants’ counsel proceeded with the jury trial and obtained a jury verdict in favor of each appellant. Although the verdicts were duly recorded, judgments were never entered on the verdicts.
With the tort claim against Williams in this posture, appellants made application to the circuit court under the Florida Arbitration Code for an order compelling appellee to submit to arbitration. Appellee resisted the application, pleading affirmatively the lack- of coverage by virtue of appellants’ violation of the exclusion clause above mentioned. Reasoning that the entry of judgments on the verdicts was a ministerial function which could be accomplished at any time on an ex parte basis, the court determined that as a practical matter the prosecution of the suits to verdicts brought the insureds within the exclusion. The order denied the application for arbitration and subsequently a final decree was entered in each case dismissing the cause with prejudice. The appeals of this cases are numbers 530 and 531. Appellants then proceeded to file declaratory judgment actions seeking a determination of their rights under the uninsured motorists coverage of the policy. Appellee again pleaded affirmatively the policy exclusion, together with the additional defense of res judicata. Holding that it had already fully adjudicated the identical issues between the parties, the court entered judgment for appellee in each of the declaratory judgment actions. The appeals from these two judgments are numbers 1322 and 1323, and were consolidated for briefing and oral argument with numbers 530 and 531.
While exclusion clauses of this type have been upheld as valid,[3] this court has held that a breach of such clause does not ipso facto relieve the insurer, but that such breach places upon the one seeking to impose liability against the insurer the burden to show that no prejudice did result.[4] However, we do not need to discuss here either the validity of the clause or the effect of its violation. Under the undisputed facts of this case there simply was no violation of the exclusion clause, since the suits against the uninsured tortfeasor were not prosecuted to judgment.
While appellee candidly concedes in its brief that a verdict is not the same as a *464 final judgment, it nonetheless urges us to hold that where a jury verdict has been returned and recorded, the entry of the verdict should be construed by us as the equivalent of a “prosecution to judgment” as such term is used in the policy exclusion, in order to give effect to the intent of the parties,[5] citing us to the case of Oren v. General Accident Fire and Life Assurance Corporation, Fla.App.1965, 175 So.2d 581. Appropriately, that case involved an identical exclusion clause concerning which the court stated that it was “specific, clear, and unambiguous”, and therefore it required no construction or interpretation by the court.
The language used in the policy exclusion is, indeed, “specific, clear and unambiguous”. There is no need for us to construe it. It excludes coverage when the suit against the tortfeasor has been prosecuted to judgment,[6] Prosecution to judgment means “to and including judgment”. While the entry of the judgment may be [as appellee contends] ministerial only, nonetheless the judgment was not entered. The provisions of a policy of insurance which tend to limit or avoid liability are to be construed most strictly against the insurer.[7] Applying a strict construction to clear language selected by the insurer, we hold that appellants had not violated the exclusion clause of the policy.[8]
Reversed and remanded.
WALDEN, C. J., and REED, J., concur.

. The policy exclusion involved in this case is set forth in full as follows:
“Exclusions.
“This policy does not apply * * *
“(b) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor * * (Emphasis added.)

. At the time appellee made this denial of coverage, the only “judgment” entered was the summary judgment on liability, which was an interlocutory order and not an ap-pealable final judgment. See Brannon v. Johnston, Fla.1955, 83 So.2d 779.

. Bass v. Aetna Cas. & Sur. Co., Fla.App. 1967, 199 So.2d 790 (suit prosecuted to judgment) ; Aetna Ins. Co. v. Jordan, Fla. App.1936, 189 So.2d 408 (suit prosecuted to judgment); Phoenix Ins. Co. v. Bowen, Fla.App.1965, 178 So.2d 751 (settlement and release) ; Oren v. Gen. Accident Fire & Life Assurance Corp., Fla.App.1965, 175 So.2d 581 (suit i3rosecuted to judgment).

.Bass v. Aetna Cas. & Sur. Co., Fla.App. 1967, 199 So.2d 790.

. Appellee contends that the intent was to protect the insurer’s right of subrogation against the negligent tortfeasor. We observe that from a practical point of view, such right of subrogation is somewhat illusory.

. In most policies now being issued this exclusion is limited to settlements made without written consent, and the only reference made to judgment against a person or organization alleged to be legally responsible for the bodily injury is in the insuring agreement providing as follows: “No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.”
See comments, Risjord and Austin, Automobile Liability Insurance Oases: Standard Provisions and Appendix, pages 71 and 199.

. Nat’l Auto. Ins. Ass’n v. Brumit, Fla. 1957, 98 So.2d 330.

. For a similar holding on substantially identical facts see Diamond v. Motor Vehicle Accident Indemnification Corp., 1962, 37 Misc.2d 714, 235 N.Y.S.2d 505.