HOBSON, Chief Judge.
Appellant-plaintiff appeals a final judgment entered by the court below in favor of the appellee-defendant whereby it was held that the appellant was liable to the appellee under an insurance policy issued by appellant to appellee.
The appellee is the uncle of James Robert Antilia. Appellee applied for bodily injury liability and property damage liability insurance on a Honda motorcycle which was principally operated by his nephew, James Antilia. The application for insurance provided for the name of the applicant, principal operator, and other drivers. This application was signed by the appellee and contained his name as the applicant; James Antilia as the principal operator; and under the space provided for “other drivers” there appeared in large capital letters the word NONE.
*721 The appellant issued its policy in the name of the appellee. There was a special endorsement attached to the policy entitled “Amendment of Insuring' Agreements Motorcycle, Motorscooter & Motorbike Endorsement.” This endorsement specifically provided that the words “motor vehicle or automobile” as used in the policy included only a motorcycle, motorbike or motorscooter. This endorsement further provided:
“INSURING AGREEMENT III DEFINITION OF INSURED: With respect to the insurance for Bodily injury and Property Damage Liability, and Collision and Upset, the unqualified word ‘insured’ includes only the Named insured and if the Named insured is an individual, his spouse, if a resident of the same household, and Members of the insured’s Family It is futher [sic] understood and agreed that such insurance as is afforded by the policy for Bodily injury Liability, for Property Damage Liability, for Medical Payments and for Collision or Upset does not apply while the automobile is operated, driven, or manipulated by any other person than the named insured or a member of the named insured’s family, resident in the same household, unless otherwise shown as follows: -”
The facts upon which the controversy as to coverage under the policy arose are summarized as follows: The nephew of ap-pellee, James Antilia, and his friend, James McGill, were at a skating rink when it began to rain. Antilia had left the key in the Honda and McGill asked Antilia if he could move the Honda out of the rain. Antilia granted McGill permission to move the Honda and while McGill was operating it, caused personal injuries to Laura June Wilson.
The lower court held that the operation of the Honda by McGill was a limited use to which Antilia consented and fell without the purview of the exclusionary provisions of the insurance policy contained in the above-quoted endorsement.
The endorsement quoted above is clear, plain and unambiguous as to the definition of the word “insured” and such word includes only the named insured (appellee), his spouse if a resident of the same household, and members of the insured’s family (James Antilia). This endorsement specifically amends the definition of the word “insured” as set out in the policy itself. Under the definition of “insured” as it appears in the policy proper, the appellant would have to provide coverage under the facts of this case to the appellee. This is so because the policy defines “insured” to include, among- others, any person using the Honda with the permission of the insured. It is clear that the appellant purposely and intentionally excluded from the word “insured”, by the above-quoted endorsement, any person using the Honda with the permission of the insured, in which category James McGill falls. It is also without dispute that the application signed by appellee specifically stated that there would be no other drivers of the Honda other than himself and James Antilia.
The rule of strict construction applicable to exclusionary provisions of an insurance policy is not applicable when the language of the policy is so clear, plain, and unambiguous as to leave no room for construction.[1] Under the facts of this case the exclusionary provisions in the endorsement apply and the lower court was in error in holding that the insurance policy issued by the appellant provided coverage to the appellee.
For the foregoing reasons the final judgment entered below is reversed.
LILES and MANN, JJ., concur.

. Kickliter v. National Union Fire Insurance Company, Fla.App.1966, 188 So.2d 872.