276 So.2d 521 (1973)
Floyd Oscar CRAINE, Appellant,
v.
Maddie Virginia GEE et al., Appellees.
No. 72-849.
District Court of Appeal of Florida, Second District.
April 25, 1973.
*522 Mark R. Hawes, Edward B. Rood, Scott Charlton, Tampa, for appellant.
H. Shelton Philips, of Kaleel & Kaleel, St. Petersburg, for appellees.
HOBSON, Judge.
Appellant Floyd Oscar Craine appeals a final judgment entered upon a jury verdict in favor of appellee State Farm Mutual Automobile Insurance Company.
Appellant instituted an action against Maddie Virginia Gee and her insurance carriers, appellee State Farm, and Royal Indemnity Company. Pursuant to State Farm's motion, a separate jury trial was had on the question of insurance coverage, resulting in a verdict in favor of State Farm.
Mrs. Gee and appellant were part-time employees of Hertz Corporation. On the day of the accident Mrs. Gee transported drivers from Tampa to McCoy Airport near Orlando to return Hertz cars to Tampa. Appellant was injured on the parking lot when Mrs. Gee got out of one of the Hertz cars, leaving the engine running, and the car rolled backwards, pinning appellant between the car and another car.
Appellant first urges that the trial court erred in not holding as a matter of law that the exclusionary provisions of the policy were ambiguous and coverage was afforded.
The pertinent portions of the insurance contract on Mrs. Gee's private passenger automobile are:
"EXCLUSIONS  SECTION I
THIS INSURANCE DOES NOT APPLY UNDER:
(A) Coverages A, B, C and M, to a NON-OWNED AUTOMOBILE
(1) While maintained or used by any person while such person is employed or otherwise engaged in an automobile business of the insured or any other person or organization, or
(2) While used in any other business or occupation, except a private passenger automobile operated or occupied by the first person named in the declarations or, if residents of the same household, his spouse or any relative of either;"
* * * * * *
"Automobile Business  means the business or occupation of selling, leasing, repairing, servicing, storing or parking of land motor vehicles or trailers."
* * * * * *
"Private Passenger Automobile  means an automobile of the private passenger type designed solely for the transportation of persons and their personal luggage, and includes stationwagons."
Appellant contends that paragraphs (1) and (2) are one uninterrupted sentence coupled by a comma and the disjunctive "or," which clearly reflects the writer's intent that the language of paragraph (2) is a continuation of paragraph (1), and that it follows that the phrase "except a private passenger automobile" applies to both paragraphs. Therefore, the automobile that injured appellant is an exception to the exclusion involved. In the alternative, appellant contends that the provision is ambiguous and should be construed against the company and in favor of coverage.
We agree with the trial judge that this interpretation is not reasonable, and that under the ordinary rules of English the phrase "except a private passenger automobile" applies only to subparagraph 2. Where the meaning of a contract is clear under the ordinary rules of English, this clear meaning may not be changed by the court; Shaw v. Bankers Life Company, Fla.App. 1968, 213 So.2d 514. See Griffin v. Speidel, Fla. 1965, 179 So.2d 569.
*523 The rule of strict construction applicable to exclusionary provisions of an insurance policy is not applicable when the language of the policy is so clear, plain and unambiguous as to leave no room for construction; Oren v. General Accident Fire and Life Assur. Corp., Fla.App. 1965, 175 So.2d 581; Kickliter v. National Union Fire Insurance Co., Fla.App. 1966, 188 So.2d 872; Ringenberger v. General Accident F. & L. Assur. Corp., Fla.App. 1968, 214 So.2d 376; American Liberty Insurance Company v. Gaffney, Fla.App. 1970, 230 So.2d 720.
We have considered appellant's other point on appeal and found it to be without merit.
The judgment appealed is
Affirmed.
MANN, C.J., and LILES, J., concur.