PER CURIAM.
Robert Hodge, defendant, appeals a final judgment determining that appellee insurers’ policies did not extend coverage to him at the time of an automobile accident.
Robert Hodge operates a Buick repair or service garage and on the day of the accident, Benjamin Posner drove his Buick to the garage and requested Hodge to drive his ear to find the source of a noise emanating from the dashboard. Hodge while road testing the car became involved in an automobile collision with Arthur Manuel. Manuel sustained serious injuries and sued Hodge as operator and his liability insurer, Hartford Accident & Indemnity Company, appellee herein; and Posner as owner and his insurer, Lumbermens Mutual Casualty Company, appellee herein. Hartford had issued a policy on Hodge’s personal car which contained the following exclusion:
“5. Exclusions: This policy does not apply under Section 1: .
“(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in
“1. The automobile business of the insured or of any other person or organization . . . ”
Lumbermens’ policy contained an identical exclusion clause, and Lumbermans and Hartford denied coverage to Hodge. The coverage issue was severed and tried non-jury. At the conclusion of trial, the judge found that the accident occurred while Pos-ner’s car was being used by Hodge while Hodge was engaged in his own automobile business. He thereupon entered judgment for Hartford and Lumbermens. Hodge appeals.
The record supports the finding of the trial judge that Hodge at the time of the accident was road testing Posner’s car and, therefore, he was engaging in the automobile business. Thus, the entry of judgment for appellee insurers based upon the exclusion clauses in their respective policies was eminently correct. See Dixie Automobile Insurance Corp. v. Mason, 155 So.2d 172 (Fla.1st DCA 1963); Hodapp v. Shelby Mutual Insurance Company, 166 So.2d 772 (Fla.2d DCA 1964); Craine v. Gee, 276 So.2d 521 (Fla.2d DCA 1973); Peterson v. Highlands Insurance Company, 328 So.2d 49 (Fla.3d DCA 1976) and cases cited therein.
Affirmed.