352 So.2d 116 (1977)
Rupert BROWN, Appellant,
v.
LEE COUNTY MOSQUITO CONTROL DISTRICT and Chicago Insurance Company, Appellees.
No. 76-1603.
District Court of Appeal of Florida, Second District.
November 16, 1977.
Rehearing Denied December 14, 1977.
*117 B. Clarke Nichols of Vega, Brown & Nichols, Naples, for appellant.
James B. Denman, III, of James V. Dolan and Associates, Fort Lauderdale, for appellee Chicago Ins. Co.
HOBSON, Acting Chief Judge.
Brown, plaintiff below, appeals from summary judgment in favor of Chicago Insurance Company (Insurer) on the issue of coverage. The court below ruled that the Aircraft Hull and Liability Insurance Policy and the Airport Owners and Operators Liability Insurance Policy issued to the Lee County Mosquito Control District (District) did not cover damages caused by the mosquito spraying operations of District over land leased by Brown. Brown argues that the exclusion in the Aircraft Hull and Liability Policy did not apply. We disagree and affirm in part. Brown also argues that the Airport Owners and Operators Liability policy did apply to the land leased by Brown and that the exclusions do not apply. We agree and reverse in part.
No testimony was taken concerning the conduct giving rise to Brown's claim. The facts are taken from Brown's second amended complaint. District, in pursuit of its function to control mosquito populations in Lee County, caused an excessive amount of pesticide and a large amount of fuel oil to be sprayed over the land leased by Brown for the grazing of Brown's cattle. While grazing, Brown's cattle consumed sufficient amounts of the substances to contract pneumonia and die. Brown filed suit against District, and, alleging the existence of the two policies mentioned above, joined Insurer as a defendant. In due course, Insurer filed a motion for summary judgment in its favor on the issue of coverage. The motion was granted.
The Aircraft Hull and Liability Policy excluded coverage of the damage occurring "[w]hile the Aircraft is being used for or in connection with any race, speed or endurance test, any attempt at record breaking, acrobatic flying, crop dusting, spraying, seeding, fertilization, hunting, bird or fowl herding... ." Brown asks this court to read the phrase "crop dusting, spraying, seeding, fertilization" as a single and separate class, that is, as "crop dusting, crop spraying, crop seeding, crop fertilization." This would restrict the exclusion so as to allow coverage of damages resulting from mosquito spraying. This we cannot do. While the court is cognizant of the general rule of construction of insurance contracts against the insurer-draftsman and in favor of coverage, there is room for construction only where there is some ambiguity in the terms. Craine v. Gee, 276 So.2d 521 (Fla.2d DCA 1973). Where the language is unambiguous, it must be given its fair and natural meaning. Reliance Mutual Life Insurance Co. of Ill. v. Booher, 166 So.2d 222 (Fla.2d DCA 1964). We note the absence of a conjunctive or disjunctive article between the words "crop dusting" and the word *118 "spraying." We note that other activities included in the exclusion provision's list have no relation to crops or agriculture. We note also that the policy was issued to cover aircraft used by District in connection with its mosquito spraying operations. To give the word "spraying" the meaning Brown suggests would be to construe the term out of the contract with respect to District's obvious operations. The only fair and reasonable construction of the term allows the exclusion for mosquito spraying operations. The trial court was correct in granting summary judgment against Brown's claim under this policy.
The trial court also ruled that, as a matter of law, the Airport Owners and Operators Liability Policy did not cover Brown's claim. Insurer argues, in support of this ruling, to the effect that the land leased by Brown is not part of the premises covered by the policy. Insurer correctly observes that the policy covers damage in or about the premises specified in the policy and that it is not disputed that the land leased by Brown is not within the specified premises. However, this policy also covers damage "elsewhere in the course of any work or of the performance of any duties carried out by the Insured or his employees in connection with the business or operation specified in the Declarations." The "business or operation specified" is the Lee County Mosquito Control District whose spraying operations obviously were performed over, and affected, the lands of others. These lands included that leased by Brown. Unless an exclusion applies, the policy covers the damages upon the land leased by Brown because it was "elsewhere in the course of District's performance."
Insurer also argues that an exclusion applies. The only pertinent exclusion denies coverage for damage "caused by ... any Ships, Vessels, Craft, or Aircraft owned, chartered, used, or operated by or on account of the Insured... ."[1] Brown urges that this exclusion applies to damages actually caused by the aircraft itself (as by collision) as distinguished from damages resulting from the proper operation of the aircraft for a wrongfully conducted activity. Insurer responds that this construction of the exclusion is much too narrow. As with the prior discussed exclusion, we examine what the exclusion says, what it does not say, and the nature of the business insured. Firstly, the exclusion denied coverage for "damages caused by" the aircraft. Secondly, the exclusion does not deny coverage for "damages arising out of the ownership, maintenance or use" of the aircraft.[2] Lastly, operation of the aircraft in spraying is important to District's mosquito control function. An insurance policy covering District's activities should not be read to exclude coverage for one of those activities unless such an exclusion is clearly manifested in the policy. The exclusion in this policy does not clearly exclude coverage under the facts of this case. We agree with Brown's interpretation of the language used in the subject exclusion. The trial court erred in ruling that Brown's claim was not covered by the Airport Owners and Operators Liability Policy.
The order of the trial court granting Insurer's motion for summary judgment is affirmed as to the claim under the Aircraft Hull and Liability Policy, and reversed as to the claim under the Airport Owners and Operators Liability Policy. The case is remanded for further proceedings consistent with this opinion.
GRIMES, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.
NOTES
[1] It is clear from a careful reading of the exclusionary provision that the language "owned, chartered, used, operated by or on account of the Insured" is used only to define the included aircraft and not to exclude activities.
[2] The effect of this difference in terminology is carefully analyzed in St. Paul Fire & Marine Insurance Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973).