**Robert A. LUTHER, an individual, Plaintiff,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation, Defendant/Counter Claimant and Third Party Plaintiff,**

v.

**AMERICAN SAVINGS & LOAN ASSOCIATION OF FLORIDA, etc., et al., Third Party Defendants.**

**No. 85–2762–CIV.**

United States District Court, S.D. Florida.

Aug. 15, 1986.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

KEHOE, District Judge.

THIS CAUSE is before the Court upon the Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment.

The facts in this case are not in dispute. Plaintiff, Robert A. Luther, was an officer of American Savings & Loan Association of Florida (ASLA) from October, 1982 to January, 1985. ASLA purchased from the Defendant insurer, Fidelity and Deposit Company of Maryland (F & D), a directors and officers liability insurance policy which was in effect from June 3, 1982 until September 23, 1985. Under the terms of the policy, F & D agreed to pay ASLA and/or its officers and directors all losses (including

---

costs, charges and expenses) incurred as a result of claims filed against ASLA and/or its officers and attributable to the wrongful acts of said officers and directors. During the period of coverage ASLA had dealings with the E.S.M. Government Securities and its affiliates (E.S.M.). In April, 1985, Plaintiff was named as a party defendant in a lawsuit arising out of his dealings as an officer of ASLA with E.S.M. Subsequently, Plaintiff was named as a party defendant in four (4) other lawsuits also based upon his business transactions with E.S.M. Thereupon, Plaintiff notified F & D of these lawsuits and requested F & D to advance him attorneys' fees and costs of defense pursuant to the policy. F & D, citing Clause 5 of the subject policy, refused to advance costs and attorneys' fees. Plaintiff filed the instant suit for declaratory relief seeking a determination that F & D had an obligation to pay the costs and attorneys' fees incurred by him in defending the actions. F & D answered and filed a counterclaim and third party complaint naming as defendants all individuals arguably insured under the policy issued to ASLA. In its counterclaim and third party complaint, F & D seeks determination that it is not obligated to advance expenses, including costs and attorney's fees until *final disposition* of the claims brought against those insured under the policy.

The dispositive issue to be determined by the Court is the interpretation of Clause 5(c) of the subject policy which reads:

> The Company *may at its option* and upon request, advance on behalf of the Directors and Offices, or any of them, *expenses which they have incurred in connection with claims made* against them prior to disposition of such claims....

The law is well established that where the language in a clause of an insurance contract is plain and unambiguous, *no* special construction or interpretation is required and the language will be given that meaning which it clearly expresses. *Brown v. Lee County Mosquito Control Dist.*, 352 So.2d 116 (Fla. 2nd DCA 1977); *U.S. Liability Ins. Co. v. Bove*, 347 So.2d 678 (Fla. 3d DCA 1977); *State Farm Fire and Cas. Co. v. Oliveras*, 441 So.2d 175 (Fla. 4th DCA 1983).

The Court finds that the language in Clause 5(c) set out above is plain and unambiguous. The language contained therein clearly reflects that F & D, if it so chooses, *may* advance expenses including attorney's fees to insured officers and directors. However, it is equally clear tht F & D is not obligated to do so (prior to final disposition of any claim). Thus, no further construction or interpretation by this Court is necessary or required.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

### SUMMARY FINAL JUDGMENT

Pursuant to this Court's Order Granting Defendant's Motion for Summary Judgment, it is

ORDERED & ADJUDGED that Summary Judgment is entered in favor of the Defendant, Counterclaimant and Third Party Plaintiff, Fidelity and Deposit Company of Maryland and against Plaintiff Robert A. Luther and all Third Party Defendants.

It is further

ORDERED AND ADJUDGED that the Court hereby reserves jurisdiction to award costs and attorney's fees.