In the Matter of the CELOTEX
CORPORATION, et al.,
Debtors.

The CELOTEX CORPORATION,
et al., Plaintiffs,

v.

AIU INSURANCE COMPANY,
et al., Defendants.

Bankruptcy Nos. 90–10016–
8B1, 90–10017–8B1.

Adv. No. 91–40.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 3, 1993.

---

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for the Celotex Corp.

Charles P. Schropp, Mark P. Buell, Schropp, Buell & Elligett, Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, Mark H. Kolman, Karen L. Bush, Mark D. Silverschotz, Anderson Kill Olick & Oshinsky, New York City, for plaintiffs.

Sara Kistler, Asst. U.S. Trustee, for Core Service Group.

John W. Kozyak, Kozyak Tropin Throckmorton & Humphreys, P.A., Miami, FL, for Asbestos Property Damage Committee.

Charles M. Tatelbaum, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for Creditors Committee of Unsecured Creditors.

William Knight Zewadski, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, FL, for Unofficial Asbestos Health Claim Committee.

H.C. Goplerud, Honigman Miller Schwartz and Cohn, Tampa, FL, for Asbestos Health Committee.

James W. Greene, William E. Nowakowski, Bromley, Greene & Walsh, Washington, DC, for Columbia Cas. Co., Employers Ins. of Wausau, Federal Ins. Co., Protective Nat. Ins. Co.

John A. Yanchunis, Blasingame, Forisz and Smiljanich, P.A., St. Petersburg, FL, for Continental Cas. Co., Citadel Gen. Assurance Co., Columbia Cas. Co., American Re–Insurance Co., Eric Reinsurance Co., Zurich American Insurance Co.

John E. Peer, Long & Levit, San Francisco, CA, for Continental Cas. Co., Transp. Ins. Co.

Katherine E. Rakowsky, Philip C. Stahl, Irving C. Faber, Margaret B. Jones, Grippo & Eldon, Chicago, IL, for American Ins. Co., Nat. Sur. Co.

Rolf E. Gilbertson, Paul L. Gingras, Zelle & Larson, Minneapolis, MN, for Employers Ins. of Wausau.

Ronald L. Cohen, Seward & Kissel, New York City, Mary A. Lau, Robert J. Asti, Lau, Lane, Pieper & Asti, P.A., Tampa, FL, for Employers Ins. Co. of Wausau.

George A. Vaka, Russell S. Buhite, Fowler White Gillen Boggs Villareal and Banker, P.A., Tampa, FL, for North Star Reinsurance Co.

Roger E. Warin, Daniel C. Sauls, John A. Flyger, Steptoe & Johnson, Washington, DC, for Highlands Ins. Co., Old Republic Ins. Co., St. Paul Surplus Lines Ins. Co.

James P. Schaller, Christine A. Nykiel, Jackson & Campbell, Washington, DC, for American Home Assur. Co., AIU Ins. Co., Granite State Ins. Co., Lexington Ins. Co., Nat. Union Fire Ins. Co. of Pittsburgh, PA.

Thomas B. Mimms, Jr., MacFarlane Ferguson, Tampa, FL, for American Home Assur. Co., AUI Ins. Co., Highlands Ins. Co., Lexington Ins. Co., Old Republic Ins. Co., Granite State Ins. Co., National Union Fire Ins. Co. of Pittsburgh, PA, Employers Mut. Cas. Co., American Ins. Co., Nat. Sur. Co., St. Paul Surplus Lines Ins. Co.

Elizabeth B. Sandza, Cynthia T. Andreason, Leboeuf, Lamb, Leiby & MacRae, Washington, DC, for Gibraltar Ins. Co., Hudson Ins. Co.

David C. McLauchlan, Lord Bissell & Brook, Chicago, IL, Deborah M. Paris, Paris & Hanna, P.A., Tampa, FL, for Lloyds of London.

Jack Willis, Allianz Underwriters Ins. Co., Los Angeles, CA, for Allianz Underwriters Ins. Co.

Lynn Bregman, David Donovan, John Siddeek, Wilmer Cutler & Pickering, Washington, DC, for Ins. Co. of North America, California Union Ins. Co.

Meryl R. Lieberman, Daniel W. Morrison, III, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for General Acc. Fire & Life Assur. Co., William J. Bowman, Hogan & Hartson, Washington, DC, Robert H. Berkes, Barbara Hodous, Bodkin, McCarthy, Sargent & Smith, Los Angeles, CA, W. Gray Dunlap, Jr., Judith W. Simmons, De La Parte & Gilbert, Tampa, FL, for Hartford Indem. Co., Twin City Fire Ins. Co., First State Ins. Co.

Robert J. Bates, Jr., Maryann C. Hayes, Pope & John, Ltd., Chicago, IL, for Eric Reinsurance Co., American Re–Insurance Co., Zurich Ins. Co.

Virginia M. Vermillion, David Schroeder, Gleason, McGuire & Shreffler, Chicago, IL, for Employers Mut. Cas. Co., Allstate Ins. Co.

Wilson M. Brown, III, Lawrence A. Nathanson, Drinker Biddle & Reath, Philadelphia, PA, for American Motorists Ins. Co., Lumbermens Mut. Cas. Co.

Elizabeth G. Repaal, Harris Barrett Mann & Dew, St. Petersburg, FL, for Allstate Ins. Co.

Gregory J. Willis, Walton, Lantaff, Schroeder & Carson, Miami, FL, for Florida Ins. Guar. Co.

James E. Rocap, III, Cathy J. Burdette, Michael J. Barta, Miller, Cassidy, Larroca & Lewin, Washington, DC, Mark M. Schabacker, Arnold, Morris, Frank & Schabacker, P.A., Tampa, FL, for Aetna Cas. & Sur. Co.

Rick Dalan, St. Petersburg, FL, for Royal Indem. Co.

Edward M. Waller, Jr., Fowler White Gillen Boggs Villareal and Banker, P.A., Tampa, FL, for American Motorists Ins. Co.

Louis Schulman, Butler Burnette & Pappas, Tampa, FL, for Continental Ins. Co., Intern. Ins. Co., U.S. Fire Ins. Co., The American Centennial Ins. Co.

Robert J. Kelly, McElroy Deutsch & Mulvaney, Morristown, NJ, for Intern. Ins. Co., U.S. Fire Ins. Co.

Susan B. Morrison, Morrison, Morrison & Gregory, P.A., Tampa, FL, Thomas J. Quinn, William J. Cleary, Mendes & Mount, New York City, for Barrett and London Market Companies.

William E. McGrath, Jr., Golden, Rothschild, Spagnola & Difazio, Somerville, NJ, Michael M. Ingram, John A.C. Guyton, III, Alley & Ingram, Tampa, FL, for Transport Ins. Co.

Michael F. Aylward, Morrison, Mahoney & Miller, Boston, MA, Benjamin H. Hill, III, Dennis P. Waggoner, Hill, Ward & Henderson, Tampa, FL, for Transamerican Premier Ins. Co.

Warren D. Hamann, James F. Asher, Kimbrell & Hamann, Miami, FL, Michael Gallagher, German, Gallagher & Murtagh, Philadelphia, PA, for Stonewall Ins. Co.

## ORDER GRANTING THE INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT DEBTOR BEARS THE BURDEN TO PROVE ITS ENTITLEMENT TO COVERAGE ON A DUTY TO INDEMNIFY STANDARD BASED ON THE ACTUAL FACTS OF THE UNDERLYING BUILDING CLAIMS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon

the Insurance Company's [1] Motion for Partial Summary Judgment that Debtor Bears the Burden to Prove Its Entitlement to Coverage on a Duty to Indemnify Standard Based on the Actual Facts of the Underlying Building Claims. The Court, having heard the argument of counsel and having reviewed the record, finds as follows:

The instant Motion seeks a declaration, with respect to the asbestos-related property damage claims, that Debtor bears the burden of proving it is entitled to be indemnified by the Insurance Company. To carry this burden, the Insurance Company contends, Debtor must prove—on a case-by-case basis or more generally—that the actual facts (as opposed to the complaint allegations) of the underlying asbestos-related property damage claims fall within the insurance coverage provided.

Debtor does not dispute it bears the burden of proving it is entitled to be indemnified by the Insurance Company. Applicable law [2] is clear on this point: an insured seeking to recover on an insurance policy has the burden of proving a loss and demonstrating coverage under the policy. *See, e.g., Hudson Ins. Co. v. Double D Mgmt. Co.*, 768 F.Supp. 1542 (M.D.Fla.1991); *Mutual Life Ins. Co. v. Ewing*, 151 Fla. 661, 10 So.2d 316 (1942); *Hays v. Country Mut. Ins. Co.*, 28 Ill.2d 601, 192 N.E.2d 855 (1963); *Inland Rivers Serv. Corp. v. Hartford Fire Ins. Co.*, 66 Ohio St.2d 32, 20 O.O.3d 20, 418 N.E.2d 1381 (1981).

One of Debtor's disputes with the Insurance Company with respect to this particular Motion is whether Debtor must prove the actual facts of each and every one of the underlying asbestos-related property damage claims.[3] Debtor agrees with the

1. The Celotex Corporation and Carey Canada Inc. (collectively referred to as "Debtor") brought this adversary proceeding against numerous insurance companies and insurance syndicates (collectively referred to as "the Insurance Company").

The instant Motion for Partial Summary Judgment was filed by AIU Insurance Company; American Home Assurance Company; American Motorists Insurance Company; Citadel General Assurance Company; Columbia Casualty Company; The Continental Insurance Company; Employers Mutual Casualty Company; Eric Reinsurance Company; Federal Insurance Company; First State Insurance Company; Florida Insurance Guaranty Association, Inc.; Gibraltar Casualty Company; Granite State Insurance Company; Hartford Accident & Indemnity Company; Highlands Insurance Company; Hudson Insurance Company; Lexington Insurance Company; Lumbermens Mutual Casualty Company; National Surety Company; National Union Fire Insurance Company of Pittsburgh, Pennsylvania; Old Republic Insurance Company; The Protective National Insurance Company of Omaha; Royal Indemnity Company; Twin City Fire Insurance Company; and Zurich Insurance Company. Lloyds of London is also a movant. It appears that "Lloyds of London" is in actuality Certain Underwriters at Lloyd's, London, and London Market Companies (the Plaisted group). In addition, Columbia General Assurance Company is a movant in the instant Motion for Partial Summary Judgment although no such company has ever been a party to this adversary proceeding. It appears the inclusion of Columbia General Assurance Company as a moving party was merely a scrivener's error.

The American Insurance Company; Certain Underwriters at Lloyd's, London, and London Market Companies (the Barrett group); Continental Casualty Company; Employers Insurance of Wausau; International Insurance Company; Transportation Insurance Company; and United States Fire Insurance Company joined in the above-described Motion for Partial Summary Judgment.

Insurance Company of North America and California Union Insurance Company filed a separate Motion for Partial Summary Judgment that Debtor Bears the Burden to Prove Its Entitlement to Coverage on a Duty to Indemnify Standard Based on the Actual Facts of the Underlying Building Claims. Royal Indemnity Company joined in this separate Motion for Partial Summary Judgment.

2. Under the Court's order granting motion for partial summary judgment on choice of law, entered November 24, 1992, *lex loci contractus* (the law of the jurisdiction where the contract is executed) is the appropriate choice of law in contract interpretation actions. Accordingly, the laws of the states of Florida, Illinois, and Ohio govern disposition of this Motion. *Accord Shure v. Vermont (In re Sure–Snap Corp.)*, 983 F.2d 1015, 1017 (11th Cir.1993), holding the law in Florida is well settled that the interpretation of contracts is governed by the law of the state where the contract was made, making no reference to *Tang How v. Edward J. Gerrits, Inc.*, 961 F.2d 174 (11th Cir.1992); *Shapiro v. Associated Int'l Ins. Co.*, 899 F.2d 1116 (11th Cir.1990); or *Hudson Ins. Co. v. Double D Mgmt. Co.*, 768 F.Supp. 1542 (M.D.Fla.1991).

3. On October 12, 1990, the date Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, approximately 120 asbes-

Insurance Company that mere complaint allegations cannot be relied upon to establish entitlement to indemnification. Debtor, however, perceives the Insurance Company is requesting a repetitive, tedious, case-by-case factual inquiry with respect to each underlying asbestos-related property damage claim.

The Insurance Company, though, is not seeking such a determination here. The Insurance Company has sought a determination that Debtor prove—on a case-by-case basis or *more generally*—that the actual facts of the underlying claims fall within the insurance coverage provided. The Insurance Company has suggested this Court select some manageable number of underlying claims for presentation of actual facts, postulating that if the Court is able to distill standard fact patterns applicable to a number of the asbestos-related property damage claims, resolution of the coverage provided for asbestos-related property damage claims can proceed along that basis. Similar techniques have been implemented elsewhere in an effort to balance procedural fairness with judicial efficiency in the management of mass tort litigation. *See, e.g., Watson v. Shell Oil Co.,* 979 F.2d 1014 (5th Cir.1992); *UNR Indus. v. Continental Cas. Co.,* 942 F.2d 1101 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1586, 118 L.Ed.2d 305 (1992); *Jenkins v. Raymark Indus.,* 782 F.2d 468 (5th Cir.1986).

■ The Insurance Company's suggested procedure appears to be exactly what Debtor is seeking as well. Debtor shall select up to eight of the underlying asbestos-related property damage claims which it determines may be representative of a number of underlying claims. At a minimum, Debtor will have to establish with respect to each representative claim: (1) property damage did occur, (2) the property damage that occurred was within the range of risks covered by the insurance policies, and (3) the date the property damage occurred so as to ascertain whether insurance

coverage was triggered. If Debtor cannot establish factual scenarios of general application, Debtor shall have to prove on a case-by-case basis that any asbestos-related property damage which did occur was within the range of risks covered by the insurance policies and occurred during the period of insurance coverage.

■ The only point of contention remaining between the parties with respect to this Motion is whether excess insurers who have no duty to defend but merely have an obligation to pay Debtor's defense costs as part of Debtor's ultimate net loss are governed by the duty to indemnify standard. If the obligation to pay defense costs is governed by the duty to indemnify standard, as the Insurance Company contends, the excess insurers need not fund defense costs until the underlying action is adjudicated or settled.

Debtor counters that those excess insurers with no duty to defend, but with the obligation to pay defense costs as part of ultimate net loss, must pay those defense costs as they are incurred and cannot delay payment until the time when the underlying action giving rise to the claim for defense costs is adjudicated or settled. To support its argument, Debtor refers to two representative policies: Continental Casualty Company's Policy No. RD 9975484 and American Re–Insurance Company's Certificate No. M–12024–2001. Continental agreed to *indemnify* Debtor against ultimate net loss:

> The term "Ultimate Net Loss" shall mean the total sum which the Insured … becomes obligated to pay by reason of … property damage claims, either through adjudication or compromise, and all sums paid … in respect to litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of *any occurrence covered hereunder* … [Emphasis added.]

tos-related property damage lawsuits were pending against Debtor. Certain of these asbestos-related property damage law suits have been filed as class actions. No bar date has yet been

set for asbestos-related property damage claimants to file proofs of claim, nor are the asbestos-related property damage claimants parties to the instant adversary proceeding.

American also agreed to *indemnify* Debtor against ultimate net loss:

> ULTIMATE NET LOSS, as used herein, shall be understood to mean the sums paid in settlement of losses for which the Insured is liable after making deductions for all recoveries ... and shall exclude all "Costs."
>
> THE WORD "COSTS" shall be understood to mean ... investigation, adjustment and legal expenses ... for which the Insured is not covered by the Underlying Insurance ... [4]

Debtor, however, neglected the far more revealing language in the American policy. American agreed:

> to further indemnify the Insured against ultimate net loss arising out of the *hazards covered* ... in the underlying insurance ...
>
> .    .    .    .    .
>
> UPON FINAL DETERMINATION by settlement, award or verdict of the liability of the Insured, the Company shall promptly pay the Insured as the Insured shall pay and shall have actually paid, the amount of any ultimate net loss coming within the terms and limits of this excess insurance. [Emphasis added.]

Debtor asserts the language in these two representative policies requires excess insurers to pay all defense costs without any limitation based on the ultimate disposition of the underlying claims. The plain language upon which Debtor seeks to rely contradicts Debtor's position. An excess insurer must indemnify Debtor for defense costs paid as a consequence of any *covered occurrence* or *covered hazard.* If Debtor is not liable on the underlying claim, there has been no occurrence covered under the policy and, thus, the excess insurer is under no obligation to indemnify Debtor for anything, including defense costs associated with defending the underlying claim. Moreover, the American language flatly states Debtor's ultimate net loss is payable only *upon final determination by settle-*

*ment, award or verdict* of Debtor's liability.

Debtor admits the excess insurers have promised to *indemnify* Debtor for ultimate net loss. "The duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy." *Zurich Ins. Co. v. Raymark Indus.,* 118 Ill.2d 23, 112 Ill.Dec. 684, 697, 514 N.E.2d 150, 163 (1987). Absent a covered loss, the excess insurers have no duty to indemnify whatsoever.

Debtor's reliance on cases interpreting directors' and officers' liability insurance policies, especially *National Union Fire Ins. Co. v. Brown,* 787 F.Supp. 1424 (S.D.Fla.1991), *aff'd,* 963 F.2d 385 (11th Cir. 1992), is misplaced. The *Brown* court determined the insurer, who had written both primary and excess policies for the insured, had to fund defense costs contemporaneously because the loss provisions required mere liability and not indemnity. Here, Debtor admits the excess insurers have undertaken to indemnify Debtor. Moreover, there is authority in the relevant jurisdictions directly contrary to *Brown.* See *National Union Fire Ins. Co. v. Goldman,* 548 So.2d 790 (Fla. 2d DCA1989); *Luther v. Fidelity & Deposit Co.,* 679 F.Supp. 1092 (S.D.Fla.1986); *Zaborac v. American Cas. Co.,* 663 F.Supp. 330 (C.D.Ill.1987).

As Debtor correctly points out, this seems an incongruous result: it would be more cost effective for Debtor to lose or settle all underlying litigation because defense costs would be included as part of ultimate net loss, whereas if Debtor prevailed on the underlying claim, defense costs would not be covered by the ultimate net loss provision. This is what Debtor and the Insurance Company contracted for, however, and this is what the plain language of the contract provides. Where the provisions of an insurance contract are clear and unambiguous, as they are here, the terms of the contract will be enforced as written. *Shuster v. South Broward*

---

**4.** Debtor explains this policy language as a convoluted exception to an exclusion which appears within a grant of coverage and ultimately pro-

vides that if the underlying policy provides defense costs, the excess policy pays defense costs as part of ultimate net loss.

*Hosp. Dist.,* 570 So.2d 1362 (Fla. 4th DCA1990), *aff'd,* 591 So.2d 174 (Fla.1992); *International Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.,* 168 Ill.App.3d 361, 119 Ill.Dec. 96, 522 N.E.2d 758 *appeal denied,* 122 Ill.2d 576, 125 Ill.Dec. 218, 530 N.E.2d 246 (1988); *Allen v. Standard Oil Co.,* 2 Ohio St.3d 122, 443 N.E.2d 497 (1982). In fact, this result is the precise difference between the duty to defend and the duty to indemnify; the former usually born by the primary insurance carrier, not the excess carrier.

Since there is no genuine issue as to any material fact and the Insurance Company is entitled to judgment as a matter of law, it is

ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Partial Summary Judgment that Debtor Bears the Burden to Prove Its Entitlement to Coverage on a Duty to Indemnify Standard Based on the Actual Facts of the Underlying Building Claims is granted. The Court, however, reserves jurisdiction to modify the mechanics of proof upon an appropriate motion *in limine.* Such reservation of jurisdiction is necessary in this unique adversary proceeding in order to insure substantive due process. It is further

ORDERED, ADJUDGED AND DECREED that the Motion of Insurance Company of North America and California Union Insurance Company for Partial Summary Judgment that Debtor Bears the Burden to Prove Its Entitlement to Coverage on a Duty to Indemnify Standard Based on the Actual Facts of the Underlying Building Claims is granted.

DONE AND ORDERED.

